## MOSES LAKE HORTICULTURAL CO. v. FAIRBANKS, MORSE & CO.

(Circuit Court of Appeals, Ninth Circuit. December 6, 1920.)

### No. 3498.

Sales ☞81(1)—Delivery held in compliance with contract.

Where a contract for an irrigation pump, to be supplied by defendant to plaintiff; contained no requirement as to time of delivery, but in plaintiff's letter transmitting acceptance of the contract it was stated that use of the pump would be needed within a stated time, and requested delivery within that time, defendant *held* entitled to rely on such statement, and delivery within that time *held* a compliance with the contract.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action at law by the Moses Lake Horticultural Company against Fairbanks, Morse & Co. Judgment for defendant, and plaintiff brings error. Affirmed.

Reynolds, Ballinger & Hutson, of Seattle, Wash., for plaintiff in error.

Van Dyke & Thomas, of Seattle, Wash., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error brought an action against the defendant in error to recover damages for alleged failure to comply with a contract. The complaint alleged that on February 21, 1918, the plaintiff accepted a written proposal of the defendant to deliver to the former at Neppel, Wash., a certain described pumping equipment; that on April 19, 1918, delivery was made thereof, with the exception of a certain essential hub reducer, without which the equipment was inoperative; that by reason of the failure to deliver the same the plaintiff was delayed 11 days in commencing the work of irrigating its fruit trees and growing alfalfa, to its serious loss

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and damage. The defendant denied its failure to comply with the contract, and set up a counterclaim for $332.92, which it alleged remained unpaid of the purchase price of the equipment. The jury returned a verdict for the defendant, upon which judgment was entered.

In the contract no time was specified for the delivery of the equipment. It contained a provision that the receipt of the property when delivered "shall constitute a waiver of all claims for damages by reason of any delay." On February 25, 1918, in sending the acceptance of the defendant's proposal, the manager of the plaintiff sent a letter, which accompanied the acceptance, in which he said:

"May I not request that you endeavor to exercise promptness of delivery of pump and accessories to Neppel. Only 60 to 70 days remain when we shall have need to begin irrigating."

At the close of the trial the court instructed the jury that the defendant had the right to rely on the statement so contained in the letter, and that the evidence showed that the pumping equipment was completely delivered 63 days from the date of the letter, and that the letter estopped the plaintiff to deny that 60 or 70 days was a reasonable time, or to assert that an earlier delivery was within the contemplation of the parties.

Error is assigned to that instruction, and it is urged that the manager's representation was but the expression of an opinion, that the irrigating season that year opened unusually early, and that the defendant knew that the equipment must be ready by the time when it did open. We think the manager's statement was not the mere expression of opinion. The manager had been in charge of the property of the plaintiff for three years. It was he who transmitted to the defendant the acceptance of the proposal, with the accompanying statement as to the time when delivery would be necessary. The defendant had the right to rely upon that statement. The pumping equipment was shipped from West Berkeley, Cal., on March 29, and it was delivered and completely installed by April 30.

As the instruction so given by the court was in effect a denial of the plaintiff's right to recover, it becomes unnecessary to consider the other assignments of error.

The judgment is affirmed.